# jackson|lewis.

Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

Representing Management Exclusively in Workplace Law and Related Litigation

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | RALEIGH, NC |
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MINNEAPOLIS, MN | RAPID CITY, SD |
| ATLANTA, GA | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RICHMOND, VA |
| AUSTIN, TX | HARTFORD, CT | NEW ORLEANS, LA | SACRAMENTO, CA |
| BALTIMORE, MD | HONOLULU, HI* | NEW YORK, NY | SALT LAKE CITY, UT |
| BERKELEY HEIGHTS, NJ | HOUSTON, TX | NORFOLK, VA | SAN DIEGO, CA |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN FRANCISCO, CA |
| BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN JUAN, PR |
| CHARLOTTE, NC | KANSAS CITY REGION | ORLANDO, FL | SEATTLE, WA |
| CHICAGO, IL | LAS VEGAS, NV | PHILADELPHIA, PA | SILICON VALLEY, CA |
| CINCINNATI, OH | LONG ISLAND, NY | PHOENIX, AZ | ST. LOUIS, MO |
| CLEVELAND, OH | LOS ANGELES, CA | PITTSBURGH, PA | TAMPA, FL |
| DALLAS, TX | MADISON, WI | PORTLAND, OR | WASHINGTON, DC REGION |
| DAYTON, OH | MEMPHIS, TN | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DENVER, CO | MIAMI, FL | PROVIDENCE, RI | |

MY DIRECT DIAL IS: 212-545-4021
MY EMAIL ADDRESS IS: JASON.ZOLDESSY@JACKSONLEWIS.COM

*through an affiliation with Jackson Lewis P.C., a Law Corporation

November 6, 2019

**VIA ECF**

Honorable Cheryl L. Pollak, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re: **Chen v. XpresSpa At Term. 4 JFK, LLC et al.**
         <u>Case No. 15-CV-1347 (CLP)</u>

Dear Judge Pollak:

  We represent the Defendants in connection with the above-referenced case. We write in response to Plaintiffs' counsel's November 6, 2019 letter to the Court (ECF Docket # 100), which claims that Plaintiffs have decided to forego the settlement agreement and to proceed with the litigation. For the reasons stated below, Defendants vehemently oppose this request and respectfully request that the Court schedule an in-person conference to address the matter at hand. Given the gravity of the situation and the history of this case, we believe it is essential to have the Plaintiffs themselves and a corporate representative of Defendants with decision-making authority present at the conference.

  **I. Procedural History**

  As the Court is aware, Plaintiffs commenced this lawsuit in March 2015. (ECF Docket # 1). After almost two years of litigation, the parties attended a mediation session on February 27, 2017 with a private mediator, Martin F. Scheinman. Following a full day of vigorous negotiations, the parties reached agreement on the terms of a settlement in principle and subsequently executed a detailed term sheet on March 2, 2017. Counsel then exchanged multiple drafts and engaged in hours of negotiation over the specific terms of a detailed settlement agreement, which ultimately was finalized and executed in August-September 2017. A joint motion for preliminary approval of the settlement was filed with the Court on September 15, 2017. (ECF Docket # 83).

  On March 30, 2018, the Court issued an Order denying preliminary approval without prejudice. Such Order outlined a number of concerns that Your Honor had with the



proposed settlement terms. (ECF Docket # 86). The parties then attended a conference with the Court on April 25, 2018, at which we discussed the March 30th Order and steps the parties could take to alleviate the Court's concerns about the settlement. After many more hours of negotiation and work, on May 18, 2018 the parties jointly submitted a revised proposal to the Court in further support of their motion for preliminary approval of the settlement. (ECF Docket # 91).

On August 21, 2019, the Court issued an Order denying the revised motion for preliminary approval of the settlement without prejudice, and provided the parties with another opportunity to submit the proposed settlement with supporting information. (ECF Docket # 96). The August 21st Order outlined the remaining concerns that the Court had with the settlement.

**II.     The Concerns Raised in the Court's August 21, 2019 Order**

    **A.     Procedural Concerns**

The August 21st Order discussed at length Your Honor's concerns about the mechanism for distribution of the monies in the settlement fund and proposed notice. (Order at pp. 20-26). Specifically, the Court expressed hesitation about approving the putative collective action and dismissing claims of potential collective members before these individuals receive notice of the settlement (along the lines of the notice being disseminated to the New York Rule 23 class members) and have the opportunity to join/opt-in to the lawsuit and/or to attend a fairness hearing. We discussed this concern at length with Plaintiffs' counsel and our client, and subsequently agreed to address the Court's concern by revising the agreement and preparing a draft notice to be disseminated to the putative collective members. We sent drafts of these documents (which Defendants believe address all of Your Honor's concerns on procedural fairness) to Plaintiffs' counsel for review in October.

    **B.     Other Concerns**

The Court also expressed concerns about the amounts due to each class and collective member. While Plaintiffs may believe that they could have recovered more at trial, and Defendants believe that the claims would have been dismissed at trial (if they survived summary judgment and advanced to trial, which Defendants believe they would not), ultimately it is clear from the parties numerous prior submissions and representations to the Court that there was a consensus that this is a fair settlement for all parties and there was interest by all parties in settling the case. We also provided additional information to Plaintiffs' counsel this week highlighting the risks of continued litigation and XpresSpa's financial state. Specifically, we provided excerpts from XpresSpa's most recent 10Q, which, *inter alia*, reflect that the company has continued to incur losses from operations since the parties mediated in 2017, closed many locations, replaced its CEO and its stock price has declined. In addition, the 10Q states that the Company's auditors found "there is a substantial doubt about the Company's ability to continue as a going concern." Defendants will provide more information to the Court in this regard.



Honorable Cheryl L. Pollak, U.S.M.J.
November 6, 2019
Page 3

The Court also expressed hesitation about the proposed service awards, the proposed *cy pres* and Plaintiffs' counsel's attorneys' fees. Defendants take no position and defer to the Court on how to address these issues and any fairness concerns.

### III. Current Status

More than two-and-a-half years after agreeing to the settlement, and after the parties have spent numerous hours in recent months trying to address the Court's concerns -- which included numerous joint requests by the parties to submit a revised proposal for the Court's consideration and our preparation of papers addressing the Court's concerns on the procedural fairness of the settlement -- Plaintiffs' counsel, C.K. Lee, now claims that Plaintiffs want to walk away from the settlement and proceed with the litigation. Based on our discussions with Mr. Lee, we believe that this is a desperate attempt by Plaintiffs' counsel to try to get Defendants to increase the settlement amount, as prior to submission of his firm's letter Mr. Lee suggested that if Defendants were to offer more money then he might be willing to proceed with seeking approval of the settlement.

In addition, given the timing of the events leading up to the letters at hand (i.e. on October 23, 2019, Mr. Lee's colleague Anne Seelig sent us a draft letter to the Court requesting an additional two weeks of time to submit a joint settlement proposal to the Court, and on October 24, 2019, Mr. Lee told us during a phone call that Plaintiffs did not wish to proceed with the settlement) it is unclear to Defendants whether all of the named and opt-in Plaintiffs who signed the original settlement agreement are aware of this decision, the risks of collection against the company if they were in fact successful in litigation, and if they were even consulted and in agreement on how to proceed.

We note that shortly after the settlement agreement was signed in September 2017, Defendants paid the entire settlement sum (except for the employer share of payroll taxes) to be held in escrow by the settlement claims administration company, Advanced Litigation Strategies, LLC, controlled by Mr. Lee's firm. To the best of our knowledge, as of the date of this submission the settlement sum remains in such escrow account and has been accruing interest for more than two years[1].

\*           \*           \*

Defendants do not believe that the litigation of this case, in which a monetary settlement was reached and the parties have agreed to the follow the notice procedure requested by the Court, is in the best interest of any of the parties. Not only will it will be extremely expensive, time-consuming and inefficient if the parties are constrained to resume a litigation nearly three years after a settlement in principle was reached at mediation, but the parties face substantial risks based on XpresSpa's present financial positions: (1) the Plaintiffs face the real risk that any potential judgment would not be collectable; and (2) Defendants ability to

---

[1] In the event the Court grants Plaintiffs' request, Defendants request that the Court issue an Order directing the claims administrator to immediately return the money and all interest to Defendants, and to provide an accounting of the escrow account covering the time period from September 2017 to present.

**jackson|lewis**®

Honorable Cheryl L. Pollak, U.S.M.J.
November 6, 2019
Page 4

successfully operate will be jeopardized by the litigation process. Accordingly, and in the interest of judicial economy and attempting to reach a resolution, we respectfully request that the Court schedule an in-person conference to be attended by all counsel, the named Plaintiffs and a decisionmaker for Defendants.

Respectfully submitted,

JACKSON LEWIS P.C.

S/Jason A. Zoldessy

Jason A. Zoldessy

JAZ:dt

cc:    All Counsel of Record (via ECF)